UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:17-CV-114 |
| | ) |
| PHAN CLUB, LLC d/b/a BU DA LOUNGE and | ) |
| STEVEN PHAN, | ) |
| | ) |
| Defendants. | ) |

COMPLAINT

Plaintiff, Michael Johnson ("Johnson"), brings claims against Defendants, Phan Club, LLC d/b/a Bu Da Lounge ("Lounge") and Steven Phan ("Phan"), and shows as follows:

**OVERVIEW**

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), I.C. §22-2-5 et. seq. ("Indiana Wage Payment Statute"), I.C. §22-2-6 et. seq. and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("Indiana Minimum Wage Law of 1965"). Defendants violated the FLSA by failing to pay Johnson the minimum wage required by federal law. Moreover, Defendants violated the FLSA by failing to pay Johnson the overtime premium required under federal law. Defendants further violated the Indiana Wage Payment Statute by failing to timely pay Johnson his earned wages in accordance with Indiana law. Johnson pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative.

**PARTIES**

2. Johnson is an individual who, at all relevant times, resided in Marion County,

Indiana. He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Johnson was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Johnson was an employee as defined by I.C. §22-2-2-3.

3. Defendants are an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, Johnson's work regularly involves commerce between states. Moreover, Defendant Lounge and Defendant Phan are "employers" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or or more employees at all times relevant to the events described in this Complaint.

4. At all times hereinafter, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000

## JURISDICTION

5. This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Johnson's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## **FACTS**

7. Johnson was hired by Defendants in March 2015.

8. From approximately March through August 2015, Johnson was gainfully employed in the security field.

9. In or about August 2015, Johnson became a bar tender and server and began working approximately forty-eight (48) hours per week. As part and parcel of his duties, Johnson regularly processed credit card transactions for customers who bought drinks or food from Lounge.

10. Defendants failed to advise Johnson that it intended to apply his tips as a tip credit towards its obligation to pay him a minimum wage of at least $7.25 per hour.

11. Moreover, Defendants failed to pay Johnson at least $2.13 as a tipped employee from the date Johnson became a bar tender/server through the present.

12. From August through October, Defendants failed to pay Johnson minimum or overtime wages for the hours he worked.

13. In or about October 2015 Defendants promoted Johnson to Assistant Manager. However, Johnson also continued to work as a tipped employee and was employed in dual roles or jobs by Defendant.

14. Johnson worked in this capacity until about February 2016. Defendants did not pay Johnson regular wages or a salary for his Assistant Manager duties.

15. Moreover, Defendants did not pay Johnson at least $2.13 for those periods he was employed in his dual role as a tipped employee.

16. From October through February, Defendants failed to pay Johnson minimum or overtime wages for the hours he worked.

17. In or about February 2016 Defendants promoted Johnson to the position of General Manager. Johnson continued to be employed in the dual role/jobs of GM and bar tender / server.

18. From February through July 2016, Johnson periodically worked, on average, sixty-two (62) hours per week. Defendants paid Johnson a flat fee of $250 cash per week.

19. From July 2016 through November 2016, Johnson's hours were reduced to fifty-five (55) hours per week on average. Defendants continued their pay practices.

20. In November 2016 Johnson's work hours increased to an average of sixty-two (62) hours per week again.

21. From February 2016 through the present, Defendants failed to pay Johnson minimum or overtime wages for the hours he worked. Moreover, Defendants failed to pay Johnson at least $2.13 per hour for the time he worked as tipped employee.

22. On occasion, Phan would unilaterally make deductions from the $250 cash payment to Johnson as other employees came in to perform some of the managerial duties.

23. Phan was responsible for paying Johnson and reconciling the tips owed to employees – including Johnson – each night / week. Phan handled all of Defendant Lounge's payroll matters.

24. Johnson has suffered financial harm as a result of Defendants' conduct.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. Johnson incorporates paragraphs 1 – 24 herein.

26. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum wage or overtime requirements of the FLSA.

27. Johnson was not paid minimum or overtime wages.

28. Johnson was harmed by Defendants' unlawful willful and/or reckless conduct.

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA WAGE PAYMENT AND INDIANA GARNISMENT STATUTES

29. Johnson incorporates paragraphs 1 – 28 herein.

30. During the relevant time period, Defendants violated and are violating the provisions of Indiana Code §§22-2-5 et. seq. and 22-2-6 et. seq. by making unlawful deductions from wages paid to Johnson and by failing to timely pay Johnson's earned wages.

31. Johnson has been harmed by Defendants' conduct.

## COUNT III: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

32. Johnson incorporates paragraphs 1 – 31 herein.

33. Johnson pleads his minimum wage and overtime claims in the alternative.

34. At all relevant times Defendants violated and are violating the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Johnson at the required minimum wage for all hours worked.

35. At all relevant times Defendants violated and are violating the Indiana Minimum Wage Law of 1965's overtime wage provisions by failing and refusing to pay Johnson overtime wages for hours worked in excess of forty (40) hours per week.

36. Defendants' conduct is willful, reckless, or indifferent to Johnson's rights.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Plaintiff unpaid wages, returning wages to Plaintiff unlawfully garnished and any applicable penalties under Indiana law;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff his attorney's fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and Indiana law by failing to comply with the minimum wage and overtime requirements of the FLSA and Indiana law; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN 46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN 46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff